HIRAM ANDREWS, Plaintiff in Error,

*vs.*

THE STATE OF WISCONSIN, Defendant in Error.

ERROR TO THE MONROE CIRCUIT COURT.

A surety in a recognizance for the appearance of the defendant indicted for seduction, is not disqualified as a witness for the defendant, on the ground of interest. The defendant was indicted for seduction, arrested and entered into recognizance with sureties for his appearance to answer such indictment; he appeared and on the trial one of the sureties was called as a witness for the defendant. *Held,* that the surety in the recognizance for the appearance of the defendant was not thereby rendered incompetent as a witness on the ground of interest.

AT the September term, 1854, of the Circuit Court of Monroe county, the plaintiff in error was indicted for seduction. At the September term, 1855, the defendant appeared and a trial was had, which resulted in a verdict of guilty, a sentence of ten months' imprisonment in the county jail.

On the trial, the defendant personally appearing, after the evidence for the prosecution had been closed, the defendant called as a witness one A. H. Blake, by whom he offered to prove, among other things, the previous unchaste character of the female alleged to have been seduced. The attorney for the state objected to the witness, on the ground of interest, because he was surety in the recognizance of the defendant for his appearance to answer the indictment. The court sustained the objection, and excluded the witness, and the defendant excepted. The other surety in the recognizance was also called, with like result, and exception taken.

*Wm. H. Tucker,* for the plaintiff in error.

*G. B. Smith,* Atty. Genl., for the state.

*By the Court,* SMITH, J. In this case the sureties in the recognizance for the appearance of the defendant below, to answer to

the indictment found against him, and not to depart the court without leave, were called as witnesses by the defendant, to prove, among other things, the previous unchaste character of the female alleged to have been seduced. This was a proper and material subject of inquiry. The witnesses were both objected to by the counsel for the prosecution, on the ground of interest, and the objection was sustained by the court. This, we have no doubt was erroneous. The liability of the witness was not at all affected by the result of the trial. The condition of his recognizance was, not to pay the fine, or to perform or endure the sentence, but for the appearance of the defendant. Without his appearance a trial need not be had. But it was shown by the record that he did appear in his own proper person, and submitted to a trial. He was then under the control, and in the custody of the court. There is no doubt that the court below erred in excluding the witness, and the judgment must for that reason be reversed. Here was no such direct, immediate interest in the event of the suit, as to disqualify the witness. The defendant did not attempt an appearance by attorney, but was personally present in court. Without default of the defendant there could be no liability upon the recognizance. His conviction or acquittal upon the trial could not, therefore, affect the legal liability of the sureties in the recognizance. 1 *Greenlf. Ev.* §§ 366, 403, 408, 409; 1 *Phil. Ev.* 81, *and cases there cited; Smith vs. Prager,* 7 *T. R.* 60; *Peake's Cases,* 124.

            Judgment reversed, and *venire de novo.*